accomplice "under his statement of what occurred."

To our minds none of the cases cited are necessarily in conflict with the Holmes cases, which decisions guided the court in appellant's trial.

We conceive the correct rule to be that as to a child witness:

(1) Each case must be considered upon its own facts in determining whether the witness is to be considered a victim of the unlawful act of another or as a participant therein, and therefore an accomplice.

(2) If inferences are to be indulged, the correct inference would be that a child over nine and under thirteen years of age possesses sufficient discretion and knowledge to be an accomplice.

(3) If from the evidence, a question is raised as to whether the child between the ages of nine and thirteen years voluntarily participated in the criminal act, or as to whether such child, so participating, is possessed of sufficient discretion to know the act to be criminal, and to have the necessary criminal intent, such issue or issues should be submitted to the jury in order that the jury may, by resolving such issue, determine whether the witness is to be considered an accomplice witness.

(4) If the record as a whole shows that the child witness has such discretion, and voluntarily participated in the unlawful act, then the testimony of the witness should be dealt with as that of an accomplice witness.

The boy here testified that he was ten years old, and in the fourth grade. He testified to the repulsive perverted acts of appellant toward him which need not be described other than by saying that they constituted a violation of the act now defined to be and constitute sodomy.

According to the boy's testimony, he did not know that he was violating a law; appellant didn't tell him it was wrong, and he thought what he was doing was right, and "was used to it and just started doing it," and there was no evidence offered by appellant to the contrary.

We are constrained to hold that such evidence, together with the entire testimony of the boy, was sufficient to support a finding by the jury that for want of sufficient discretion to understand the nature and illegality of the act charged against appellant, his conduct in participating in the act and consenting thereto did not constitute him an accomplice.

And under the facts, we hold that the trial court was justified in submitting such issue to the jury.

The jury's verdict fixed appellant's punishment at 15 years confinement in the penitentiary.

But the judgment states the punishment to be "not less than 2 nor more than 15 years."

The judgment will be reformed in this regard so as to conform to the verdict and to adjudge that appellant be confined in the penitentiary of 15 years.

As so reformed, the State's motion for rehearing is granted and the judgment is affirmed.

Opinion approved by the Court.

## McFADDEN v. STATE.
### No. 24806.

Court of Criminal Appeals of Texas.
June 7, 1950.

Rehearing Denied Oct. 11, 1950.

---

None on appeal.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant entered a plea of guilty to the offense of driving a motor vehicle upon a public street while intoxicated and was fined the sum of $50 by the court.

The complaint and information, as well as all other matters of procedure, appear regular. The record is before us without a statement of facts or bills of exception, in the absence of which no question is presented for review.

The judgment is affirmed.